J-S37029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMAJJ JACKSON | : | |
| | : | |
| Appellant | : | No. 199 EDA 2023 |

Appeal from the PCRA Order Entered December 13, 2022
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0003466-2019

BEFORE:  BENDER, P.J.E., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                **FILED JAUNARY 5, 2024**

Samajj Jackson ("Jackson") appeals from the order dismissing his petition filed under the Post Conviction Relief Act.[1]  We affirm.

In March 2019, Jackson was charged with strangulation, aggravated assault, aggravated harassment by prisoner, and related offenses for an attack on a psychologist from a secure juvenile center.[2]  In October 2019, Jackson, who was represented by plea counsel, entered a negotiated guilty plea to the above-listed offenses after an extensive colloquy in which Jackson disavowed, in writing, any mental health problems that would impair his ability to understand the proceedings.  **See** Guilty Plea Statement, 10/30/19, at

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] Jackson was seventeen years old at the time of the assault.  The matter was transferred to the criminal division of the court of common pleas for prosecution.

unnumbered 1. Additionally, plea counsel certified that Jackson was not suffering from any mental health problems that affected his ability to understand everything which had been said, read, and done concerning his guilty plea. **See id**. at unnumbered 4. The court immediately imposed sentence. Jackson did not file post-sentence motions or an appeal.

In December 2019, Jackson filed a *pro se* PCRA petition. PCRA counsel was appointed and, in October 2020, filed an amended PCRA petition asserting that plea counsel should have requested a competency evaluation prior to the entry of Jackson's guilty plea. In February 2021, the parties stipulated that Jackson should undergo a competency evaluation. In December 2021, the competency evaluator wrote a report detailing Jackson's extensive mental health history and diagnoses,[3] and determined Jackson, at the time of the report, had sufficient competency to "proceed with the legal process." **See** Competency Evaluation, Jackson's Brief Exhibit A at 6 ("the mental health evaluation"). In November 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Jackson's petition without a hearing.[4] In December 2022, the PCRA court dismissed the petition without a hearing. Jackson appealed, and he and the PCRA court complied with Pa.R.A.P. 1925.

---

[3] Jackson's numerous diagnoses included attention deficit hyperactivity disorder, oppositional defiant disorder, generalized anxiety disorder, bipolar I disorder, specific learning disorder, and borderline personality disorder. **See** Competency Evaluation, Jackson's Brief Exhibit A at 4.

[4] Jackson asserts he responded to the notice on December 7, 2022, **see** Jackson's Brief at 7, but the certified record does not contain any response to the Rule 907 notice.

Jackson raises one issue on appeal:

Was the [PCRA] court in error for denying [Jackson's] [PCRA p]etition without a hearing?

Jackson's Brief at 5.

The following standards govern our review:

Appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of whether the PCRA court's determination is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. In contrast, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Maxwell*, 232 A.3d 739, 744 (Pa. Super. 2020) (*en banc*) (internal citations and quotation marks omitted). Further, a "PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court." *Commonwealth v. Williams*, 141 A.3d 440, 452 (Pa. 2016) (internal citations omitted).

For a PCRA petitioner to obtain relief on an ineffectiveness claim, he must establish:

(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. Counsel is presumed to have rendered effective assistance. Additionally, counsel

cannot be deemed ineffective for failing to raise a meritless claim. Finally, because a PCRA petitioner must establish all the [ineffective assistance test] prongs to be entitled to relief, we are not required to analyze the elements of an ineffectiveness claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis.

***Commonwealth v. Treiber***, 121 A.3d 435, 445 (Pa. 2015) (citations omitted). To prevail on a claim of ineffectiveness concerning a guilty plea, a petitioner must show that but for counsel's alleged ineffectiveness he would not have pled guilty. ***See Commonwealth v. Timchak***, 69 A.3d 765, 774-75 (Pa. Super. 2013).

Jackson claims the mental health evaluation alerted the PCRA court to his previous treatment for, and diagnosis of, mental health conditions. ***See*** Jackson's Brief at 13-15. He asserts that had plea counsel ordered a competency evaluation at the time of his plea, it "would have been beneficial for the defense." ***See id***. at 15.

The PCRA court noted Jackson signed a guilty plea colloquy affirmatively stating that no emotional or physical problems affected his ability to understand the proceedings and his decisions. The PCRA court also noted that at the time of the plea it had conducted a thorough colloquy to ensure that Jackson's plea was knowing, intentional, and voluntary, and Jackson stated that he had no questions for the court or counsel about his plea. ***See*** PCRA Court Opinion, 3/31/23, at 6-7. The court further stated that the Commonwealth agreed "in an abundance of caution" to Jackson's subsequent mental health evaluation and that the clinical psychologist who conducted the

evaluation found Jackson competent to proceed with the legal process. ***See id***. at 8.

We find no error in the PCRA court's ruling. Jackson averred he had no mental health problems that would impair his ability to understand his guilty plea and that he was satisfied with his counsel's representation. ***See*** Guilty Plea Statement, 10/30/19, at unnumbered 1. A petitioner is bound by his statements during a guilty plea colloquy and cannot later disavow or contradict them. ***See Commonwealth v. Muhammed***, 794 A.2d 378, 384 (Pa. Super. 2002).

Moreover, Jackson has failed to establish any error in the dismissal of his claim of ineffective assistance of plea counsel. He asserts only that a mental health evaluation "would have been beneficial to the defense." ***See*** Jackson's Brief at 15. To the extent he suggests he could not understand the guilty plea proceeding, he did not offer any evidence that, at that relevant time, he was unable to understand his actions. He does not direct us to any such finding in the mental health evaluation. That Jackson may have had mental health issues is not proof that his mental state affected his ability to voluntarily and knowingly enter his plea at that time. He has not argued on appeal that he would not have pled guilty had he known about his mental health issues. Thus, Jackson has not alleged with any specificity the necessary prejudice to prevail on his claim that plea counsel was ineffective for failing to request a mental health evaluation.

Lastly, to the extent Jackson asserts he was entitled to an evidentiary hearing, "[i]t is well[-]settled that there is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." ***Commonwealth v. Maddrey***, 205 A.3d 323, 328 (Pa. Super. 2019) (citation omitted). To obtain a PCRA hearing, a petitioner must demonstrate that he raised a genuine issue of material fact which if resolved in his favor would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing. ***See Commonwealth v. Paddy***, 15 A.3d 431, 442 (Pa. 2011). We review an order dismissing a petition without an evidentiary hearing for an abuse of discretion. ***See Commonwealth v. Wilson***, 273 A.3d 13, 18 (Pa. Super. 2022). For the reasons set forth above, Jackson fails to demonstrate a material issue of fact on which he was due a hearing and does not show prejudice from counsel's alleged ineffectiveness. Thus, no relief is due. ***See Paddy***, 15 A.3d at 442; ***Timchak***, 69 A.3d at 774-75.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler

_____

Benjamin D. Kohler, Esq.
Prothonotary


Date: 1/5/2024